**IN THE UNITED STATES DISTRICT COURT**

**FOR THE DISTRICT OF NEW MEXICO**

UNITED STATES OF AMERICA,

        Plaintiff,

vs.                                                       No. 06-CR-1534-JC

RAMON FRANCISCO CARILLO,

        Defendant.

**MEMORANDUM OPINION AND ORDER**

THIS MATTER comes before the Court on Defendant Ramon Francisco Carillo's Motion for a Bill of Particulars, filed on July 28, 2006 (*Doc.* 38)("Motion"). The Court, having considered the Motion, response thereto, the relevant authority, and being otherwise fully advised, finds the Motion not well-taken and it is DENIED.

**I.    Background**

Defendant Carillo is one of two defendants charged in a two count indictment. Count 1 charges that defendants did unlawfully, knowingly and intentionally combine, conspire, confederate and agree together and with each other and other persons to possess with the intent to distribute five kilograms and more of cocaine contrary to 21 U.S.C. §§ 841 (a)(1), 841 (b)(1)(A) and in violation of 21 U.S.C. § 846. Count 2 charges that defendants unlawfully, knowingly and intentionally possessed with intent to distribute five kilograms and more of cocaine in violation of 21 U.S.C. §§ 841(a)(1), 841(b)(1)(A) and 18 U.S.C. § 2.

**II.     Standard of Review**

"The defendant may move for a bill of particulars before or within 10 days after arraignment or at a later time if the court permits."  FED. R. CRIM. P. 7(f).  The government does not object to the untimeliness of this motion[1].  Therefore, the Court considers this motion solely in its discretion.

"The purpose of a bill of particulars is to inform the defendant of the charge against him with sufficient precision to allow him to prepare his defense, to minimize surprise at trial, and to enable him to plead double jeopardy in the event of a later prosecution for the same offense." *United States v. Dunn*, 841 F.2d 1026, 1029 (10th Cir. 1988).  However, "[t]he Defendant is not entitled to notice of all of the evidence the government intends to produce, but only the theory of the government's case." *United States v. Ivy*, 83 F.3d 1266, 1281 (10th Cir. 1996)(citing *United States v. Levine*, 983 F.2d 165, 166-167 (10th Cir. 1992).  Further, "[a] bill of particulars may not be used to compel the government to disclose evidentiary details or 'to explain the legal theories upon which it intends to rely at trial.'" *United States v. GabrieI*, 715 F.2d 1447, 1449 (10th Cir. 1983)(quoting *United States v. Burgin*, 621 F.2d 1352, 1359 (5th Cir. 1980)).

**III.    Discussion**

Defendant Carillo contends that Count 1 of the indictment fails to adequately address the nature and scope of the charge against him[2].  Specifically, Defendant Carillo seeks: (1) the identification of any acts personally performed by Defendant in furtherance of the alleged conspiracy; (2) the identification of any acts done or caused by Defendant in furtherance of the

---

[1]The record reflects that Defendant Carillo was arraigned on June 12, 2006.

[2]Defendant Carillo does not take issue with Count 2 of the indictment.

alleged conspiracy; (3) the precise date, time, location and manner addressing the commission of the alleged conspiracy; (4) the precise date, time, location and manner in which Defendant and each additional defendant allegedly became a member of the charged conspiracy and (5) the identities of all co-conspirators who are not named in the indictment but known to the prosecution.

Carillo cites various case law to support the assertion that he should be afforded additional information about the charge in Count 1 of the indictment.  However, "[a] bill of particulars is not necessary if 'the indictment sets forth the elements of the offense charged and sufficiently apprised the defendant of the charges to enable him to prepare for trial.'"  *Levine*, 983 F. 2d at 166 (quoting *Dunn*, 841 F. 2d at 1030). "An indictment generally is sufficient if it sets forth the offense in the words of the statute so long as the statute adequately states the elements of the offense.'"  *United States v. Salazar*, 720 F.2d 1482, 1486 (10th Cir. 1983), cert. denied, 469 U.S. 1110, 83 L. Ed. 2d 783, 105 S. Ct. 789 (1985).  Further, "[t]he defendant's constitutional right is to know the offense with which he is charged, not to know the details of how it will be proved."  *United States v. Kendall*, 665 F. 2d 126, 135 (7th Cir. 1981).

In this case, Count 1 of the indictment lists the offenses with which Carillo is charged and cites to the corresponding statutory authority.  It includes the date(s) of the illegal activity, the location, and identifies the specific controlled substance.  Furthermore, counsel for the government represents that, in addition to the specific factual allegations of the indictment, the government has provided Carillo with various reports and photographs and will continue to provide additional discovery, including approximately 100 pages of information relating to the execution of search warrants on the cellular telephones taken from the defendants on the date of

arrest, and any additional materials obtained during the execution of the additional search warrants in Omaha, Nebraska and Phoenix, Arizona.

The information previously disclosed by the **g**overnment, and the information the **g**overnment will continue to disclose, adequately informs Carillo of the charges against him. The Court therefore finds that the indictment sufficiently states the elements of Count 1 so as to render a bill of particulars inappropriate.

WHEREFORE,

**IT IS ORDERED** that Carillo's Motion for a Bill of Particulars, filed July 28, 2006 (Doc. 38) is **DENIED.**

Dated September 27, 2006.

_____
**SENIOR UNITED STATES DISTRICT JUDGE**